David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Michael J. Morphew (SBN 304463)
*mmorphew@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
*walterhaines@yahoo.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIA SANTOS, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware Corporation; UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1) **FAILURE TO PROVIDE MEAL PERIODS;**<br>2) **FAILURE TO PROVIDE REST PERIODS;**<br>3) **FAILURE TO PAY REGULAR AND MINIMUM WAGES;**<br>4) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>5) **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;**<br>6) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1    Plaintiff EMILIA SANTOS ("Plaintiff"), by and through her attorneys of record,

2  brings this Class Action Complaint against Defendant UNITED PARCEL SERVICE,

3  INC., a Delaware Corporation; UNITED PARCEL SERVICE, INC., an Ohio

4  Corporation (collectively "UPS" or "Defendants"), and DOES 1 through 10, inclusive.

5  Plaintiff hereby alleges, on information and belief, except for information based on

6  personal knowledge, which allegations are likely to have evidentiary support after further

7  investigation and discovery, as follows:

8                              **NATURE OF THE ACTION**

9    1.    This is a class action for wage and labor violations arising out of

10  Defendants' failure to pay wages for all time worked and failure to provide timely and

11  uninterrupted meal and rest periods.

12    2.    As more fully set forth below, Defendants failed to provide timely and

13  uninterrupted meal and rest periods to its California non–exempt employees in violation

14  of California Labor Code sections 512 and 226.7, and the applicable Industrial Wage

15  Order; failed to pay its employees one hour of pay at the regular rate of compensation for

16  each instance that Defendants failed to provide statutorily mandated rest periods and

17  timely off–duty meal periods; failed to pay its employees straight time wages for off–the–

18  clock work performed; failed to furnish timely and accurate wage statements; failed to

19  pay all wages due upon termination; and, is in violation of California's Unfair

20  Competition Law ("UCL").

21    3.    Plaintiff seeks to represent and prosecute claims against Defendant in class

22  action proceedings on behalf of all those similarly situated who are or were residents of

23  the State of California.

24                              **JURISDICTION AND VENUE**

25    4.    This Court has diversity jurisdiction over this action, under 28 U.S.C. section

26  1332. Plaintiff is domiciled in California. Defendants' are headquartered and have their

27  principal place of business in Georgia, and are incorporated in Delaware and Ohio,

28

1

CLASS ACTION COMPLAINT

1   respectively.

2       5.      In addition, this Court also has original jurisdiction over this action pursuant

3   to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d). CAFA

4   grants federal district courts original jurisdiction over civil class action lawsuits filed

5   under federal or state law in which there are at least 100 members of the class, and any

6   member of a class of plaintiffs is a citizen of a state different from any defendant, and the

7   matter in controversy exceeds $5,000,000, exclusive of interest and costs. (28 U.S.C. §

8   1332(d).)

9       6.      This case meets each of the CAFA requirements because (1) Plaintiff alleges

10  on information and belief there are approximately 1,500 class members in California, (2)

11  there is diversity between at least one putative class member and the named Defendants;

12  and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed

13  the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction

14  pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over

15  Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16      7.      Venue is proper because upon information and belief, Defendant conducts

17  substantial business—including employing class members—in within the Northern

18  District of California, this county, and maintains a facilities and distribution centers in

19  California in this county.

20                          **PARTIES**

21      8.      Plaintiff EMILIA SANTOS is currently a resident of Sunol, California.

22  Plaintiff was employed by Defendant in San Ramon, California from March 27, 2017 to

23  February 21, 2018, and specifically as a Part–Time Supervisor starting on or about July

24  2017 through February 2018. While employed by Defendant, Plaintiff resided in Sunol,

25  California.

26      9.      Plaintiff is informed and believes, and on that basis, alleges UNITED

27  PARCEL SERVICE, INC. is an Ohio Corporation with a principal place of business at 55

28

CLASS ACTION COMPLAINT

1  Glenlake Pkwy NE, Atlanta, GA 30328; that it is a wholly owned subsidiary of UNITED

2  PARCEL SERVICE, INC., a Delaware Corporation with a principal place of business at

3  55 Glenlake Pkwy NE, Atlanta, GA 30328.

4        10.    Plaintiff is informed and believes, and on that basis, alleges Defendant

5  UNITED PARCEL SERVICE, INC. is, and at all relevant times was, an Ohio

6  corporation authorized to do business in the State of California.

7        11.    At all relevant times, Defendants were doing business in numerous counties

8  throughout California, including San Francisco County, Alameda County, Contra Costa

9  County, and Yolo County. Defendants operate numerous offices and facilities throughout

10  California including within San Francisco County, Alameda County, Contra Costa

11  County, and Yolo County. Defendants claim to be the largest package delivery company

12  in the world.

13        12.    Plaintiff is informed and believes, and on that basis, alleges Defendants and

14  DOES 1 through 10 are and were an employer as defined in and subject to the California

15  Labor Code and the Industrial Welfare Commission Wage Orders. Plaintiff is currently

16  unaware of the true names and capacities, whether individual, corporate, associate, or

17  otherwise, of the defendants sued herein under fictitious names DOES 1 through 10,

18  inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek

19  leave to amend this complaint to allege the true names and capacities of said fictitiously

20  named defendants when their true names and capacities have been ascertained. Plaintiff is

21  informed and believes, and thereon alleges each of the fictitiously named Defendants is

22  legally responsible in some manner for the events and occurrences alleged herein, and for

23  the damages suffered by the Class.

24        13.    Plaintiff is informed and believes and thereon alleges all Defendants,

25  including the fictitious DOE Defendants, were at all relevant times acting as actual

26  agents, conspirators, partners and/or joint ventures and/or employees of all other

27  defendants, and that all acts alleged herein occurred within the course and scope of said

28

3

CLASS ACTION COMPLAINT

1  agency, employment, partnership, and joint venture, conspiracy or enterprise, and with

2  the express and/or implied permission, knowledge, consent, authorization and ratification

3  of their co–defendants.

## FACTS

5      14.    Between March 27, 2017 to February 21, 2018, Plaintiff was employed by

6  Defendants. On or about March 27, 2017 to June 30, 2017, Plaintiff was employed as a

7  non–exempt, hourly–paid Preloader. On or about July 1, 2017 Plaintiff's position

8  changed and she was employed as a non–exempt, hourly–paid Part Time Supervisor until

9  approximately February 21, 2018. Both positions were performed at Defendants'

10  Customer Center in San Ramon, California. During the time Plaintiff was employed as a

11  non–exempt, hourly–paid Preloader, she was a labor union member. Thus this complaint

12  is limited to Part Time Supervisors, or positions with similar titles and job duties, and

13  excludes any time, jobs, or activities covered by a collective bargaining agreement.

14      15.    In her role as a Part Time Supervisor, Plaintiff's duties included supervising

15  preloader employees making sure they were working safely; helping the preloader

16  employees when needed; training the preloaders; doing paperwork involved with the

17  position; trouble–shooting and fixing machines' jams and other issues, when needed;

18  among other duties.

19      16.    During the relevant time period, Defendant failed to provide Plaintiff and

20  other class members with timely and off–duty meal periods of at least 30 minutes, in

21  violation of California law. To conceal these violations, Defendant instituted a practice of

22  hiring Plaintiff and other class members, as part–time/seasonal employees, with assigned

23  six–hour shifts. Work consistently took more than six–hours, and managers and/or

24  supervisors advised Plaintiff and other class members that they needed to clock–out for a

25  meal break between the 4th and 5th hour, but not to take it. Plaintiff and class members

26  were told instead to just put a meal break in their time cards as if they had taken it, but to

27  keep working. So, Plaintiff and other class members were forced to clock out for a meal

28

1   break before the end of the fifth hour of work and continue working. If Plaintiff and other
2   class members did not clock out, then a manager or supervisor would access the timecard
3   system and edit the times as if the Plaintiff and other class members had clocked–out.
4   This meant Plaintiff and other class members did not receive an uninterrupted 30–minute
5   meal break. Plaintiff and other class members were not paid meal period premiums for
6   each day an uninterrupted meal break was not provided. This unlawful practice occurred
7   methodically five times per week and was always done with the full knowledge and
8   consent of the managers and supervisors to increase productivity and cut costs.
9       17.     Additionally, Defendant's policies and practices regarding work conditions
10  and expectations for its non–exempt employees caused Plaintiff and other class members
11  to miss one or more rest breaks, and/or receive late or short rest breaks. Thus, Defendant
12  did not relieve Plaintiff or other class members from their duties. They were not paid rest
13  break premiums for each workday that the rest break was not provided. This unlawful
14  practice also occurred methodically five times per week, and was always done with the
15  full knowledge and consent of the managers and supervisors to increase productivity and
16  cut costs.
17      18.     Upon information and belief, the above–mentioned unlawful employment
18  practices by Defendants were applied the same to all Part–Time Supervisors in
19  distribution centers throughout California.
20      19.     Defendants' conduct, as alleged here, caused Plaintiff and other class
21  members damages including, but not limited to, loss of wages and compensation.
22  Defendants are liable to Plaintiff and the class for failing to pay meal and rest break
23  premiums, failing to pay all straight–time wages owed for each pay period, failing to
24  provide timely and accurate wage statements, and failing to pay all wages due upon
25  termination, which are violations of California's unfair competition law.
26      20.     Plaintiff is member of, and seeks to be representatives for, the class of
27  similarly situated employees who all have been exposed to, have suffered, and/or were
28

CLASS ACTION COMPLAINT

1  permitted to work under Defendants' unlawful employment practices as alleged herein.

2  ## CLASS DEFINITIONS AND CLASS ALLEGATIONS

3  21.    Plaintiff brings this action on behalf of herself and on behalf of all others

4  similarly situated, and as members of the Class they seek to represent. The class period is

5  from four years prior to the filing of the Complaint in this action until the trial of this

6  action ("Class Period"). The Class is defined as:

7
8  *All current and former non–exempt employees of Defendant, employed in California, who, during the class period, worked in a distribution center as a part time supervisor, or a position with similar duties and/or job titles, and who has not signed an arbitration agreement with Defendant as of the date of the filing of this Complaint.*
9
10

11  22.    Plaintiff reserves the right to amend or otherwise alter the class definition, or

12  to propose or eliminate subclasses, in response to facts learned through discovery, legal

13  arguments advanced by Defendant or otherwise.

14  23.    **Numerosity/Impracticability of Joinder**: The members of the Class are so

15  numerous that individual joinder is impracticable. The members of the class are so

16  numerous that joinder of all members would be unfeasible and impracticable. Plaintiff

17  estimates, on information and belief, that there are approximately 1,500 current and

18  former non–exempt employees of Defendants employed, or formerly employed, at

19  distribution centers in California during the Class period who are not subject to an

20  arbitration agreement with Defendants. The identity of individuals qualifying for class

21  membership is readily ascertainable via inspection of the personnel records and other

22  documents maintained by Defendants in the normal course of business. Class members

23  may be notified of the pendency of this action by mail, electronic mail, the Internet, or

24  published notice.

25  24.    **Commonality and Predominance**: Common questions of law and fact exist

26  as to all members of the Class. These questions predominate over any questions affecting

27  only individual Class members such that a class action is superior to other forms of

28  action. The claims of the named Plaintiff are typical of those of every other member of

the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendants' conduct, as alleged. Common legal and factual questions include, but are not limited to:

  a. Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

  b. Whether Defendant violated Labor Code section 226.7 and/or section 512 and engaged in a pattern or practice of failing to provide timely, off–duty thirty (30) minute meal periods to Plaintiff and members of the class

  c. Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the members of the class from taking statutory off–duty thirty (30) minute meal periods on a timely basis;

  d. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for missed, untimely or on–duty meal periods as required by California law;

  e. Whether Defendant violated the applicable California Industrial Welfare Commission ("IWC") Order by failing to provide Plaintiff and the members of the class with timely off–duty thirty (30) minute meal periods;

  f. Whether Defendant engaged in unfair practices and violated California Business and Professions Code section 17200 by failing to provide Plaintiff and the members of the class with their statutory off–duty meal and rest periods on a timely basis;

  g. Whether Defendant engaged in unfair practices and violated California Business and Professions Code section 17200 by failing to pay Plaintiff and the members of the class for all time worked;

  h. Whether Defendant maintained accurate time records of off–duty thirty (30) minute meal breaks taken by Plaintiff and members of the class in accordance with the applicable IWC Wage Order;

7

1    i.  Whether Defendant violated Labor Code section 226(a) by issuing inaccurate
2    itemized wage statements to Plaintiff and members of the class that failed to
3    include payments for missed, untimely, and/or on–duty meal periods among
4    wages earned throughout the Class period;

5    j.  Whether Defendant violated Labor Code section 226(a) by issuing inaccurate
6    itemized wage statements to Plaintiff and members of the class that failed to
7    include payment for all hours worked;

8    k.  Whether Defendant violated Labor Code section 226(a) by issuing inaccurate
9    itemized wage statements to Plaintiff and members of the class that failed to
10    accurately state the total hours worked, to the detriment of Plaintiff and the
11    class;

12    l.  Whether Defendant violated Labor Code section 226(a) by issuing inaccurate
13    itemized wage statements to Plaintiff and members of the class that failed to
14    accurately state the correct name and address of the employer, to the detriment
15    of Plaintiff and the class;

16    m. Whether Defendant failed to compensate, and therefore violated Labor Code
17    section 226.7 and the applicable Wage Order by failing to provide ten (10)
18    minute, uninterrupted rest periods as contemplated by California law for work
19    periods in excess of three and one–half (3 ½) hours;

20    n.  Whether Defendant engaged in a pattern or practice of failing to properly
21    compensate Plaintiff and the members of the class for failing to provide ten (10)
22    minute, uninterrupted rest periods as contemplated by California law for work
23    periods in excess of three and one–half (3 ½) hours;

24    o.  Whether Defendant violated Labor Code section 1197 due to failure to
25    compensate Plaintiff and members of the class for those acts Defendants
26    required Plaintiff and members of the class to perform for the benefit of
27    Defendant;

28

8

CLASS ACTION COMPLAINT

p. Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

q. The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

25. **Typicality:** Plaintiff's claims are typical of the claims of the members of the class she seeks to represent because Plaintiff, as non–exempt employee of Defendants, was exposed and subjected to the same unlawful business practices and conduct as other employees employed by Defendants during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class she seeks to represent sustained the same types of damages and losses.

26. **Adequacy:** Plaintiff is adequate representative of the class she seeks to represent because her interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Named Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Named Plaintiff nor her attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her counsel.

27. Named Plaintiff does not anticipate any difficulty managing this litigation.

28. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendants. The damages suffered by each individual Class member may be limited. Damages of such magnitude

CLASS ACTION COMPLAINT

1  are small given the burden and expense of individual prosecution of the complex and

2  extensive litigation necessitated by Defendants' conduct. Further, it would be virtually

3  impossible for the Class members to redress the wrongs done to them on an individual

4  basis. Even if members of the Class themselves could afford such individual litigation,

5  the court system could not. Individualized litigation increases the delay and expense to all

6  parties and the court system due to the complex legal and factual issues of the case. By

7  contrast, the class action device presents far fewer management difficulties and provides

8  the benefits of single adjudication, economy of scale, and comprehensive supervision by

9  a single court.

10      29.    The Class should also be certified because:

11          a.  The prosecution of separate actions by individual members of the Class

12              would create a risk of inconsistent or varying adjudications with respect

13              to individual Class members which would establish incompatible

14              standards of conduct for Defendants;

15          b.  The prosecution of separate actions by individual members of the Class

16              would create a risk of adjudication with respect to them, which would, as

17              a practical matter, be dispositive of the interests of the other Class

18              members not parties to the adjudications, or substantially impair or

19              impede their ability to protect their interests; and

20          c.  Defendants acted or refused to act on grounds generally applicable to the

21              Class, and/or the general public, thereby making appropriate final and

22              injunctive relief with respect to the Class as a whole.

23

24  **FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**

25  **(Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)**
**(Against all defendants)**

26      30.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

27  forth herein.

28

CLASS ACTION COMPLAINT

31.     California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

32.     IWC Order No. 4-2001(11)(A) provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

33.     Section 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

34.     As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class period. Plaintiff and members of the class were routinely required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, there was no waiver for meal periods when employees worked shifts of no more than six hours.

35.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and § 11 of IWC Wage

CLASS ACTION COMPLAINT

1 | Order No. 4-2001, and is liable to Plaintiff and the class.

2 |     36.    As a result of the unlawful acts of Defendant, Plaintiff and the class have

3 | been deprived of timely off–duty meal periods, and are entitled to recovery under Labor

4 | Code §§ 226.7(c), 512 and § 11of IWC Wage Order No. 4-2001, in the amount of one

5 | additional hour of pay at the employee's regular rate of compensation for each

6 | workday in which Defendant failed to provide its employees with timely statutory off–

7 | duty meal periods.

8 |     37.    Plaintiff, and the other members of the class, are entitled to seek and recover

9 | reasonable attorneys' fees and costs pursuant to Labor Code sections 226.7 and 512.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### (Violation of Labor Code §§ 226.7 and the applicable Wage Order)
### (Against all defendants)

    38.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

    39.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

    40.    IWC Order No. 4-2001(12)(A) provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

    41.    IWC Order No. 4-2001(12)(B) further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of

12

CLASS ACTION COMPLAINT

1   this order, the employer shall pay the employee one (1) hour of pay at the employee's

2   regular rate of compensation for each workday that the rest period is not provided".

3       42.     As alleged herein, Defendant failed to authorize and permit rest breaks

4   during the Class period. Plaintiff and members of the class were routinely required to

5   work through rest periods at the direction of Defendant and/or with Defendant's

6   knowledge and acquiescence.

7       43.     By its actions in requiring its employees during the class period to work

8   through rest periods and/or its failure to relieve the employees of their duties for their rest

9   periods, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor

10  Code § 226.7, and is liable to Plaintiff and the class.

11      44.     Defendant's unlawful conduct alleged herein occurred in the course of

12  employment of Plaintiff and all others similarly situated and such conduct has continued

13  through the filing of this complaint.

14      45.     As a direct and proximate result of Defendant's unlawful action, Plaintiff

15  and the class have been deprived of timely rest periods and/or were not paid for rest

16  periods taken during the Class period, and are entitled to recovery under Labor Code §

17  226.7(c) in the amount of one additional hour of pay at the employee's regular rate of

18  compensation for each workday in which Defendant failed to provide employees with

19  timely and/or paid rest periods.

20      46.     Plaintiff, and the other members of the class, are entitled to seek and recover

21  reasonable attorneys' fees and costs pursuant to Labor Code sections 226.7.

22
23                      **THIRD CAUSE OF ACTION**
                **FAILURE TO PAY REGULAR AND MINIMUM WAGES**
24      **(Violation of Labor Code § 1197, 1198, and IWC Wage Order No. 4-2001)**
                        **(Against all defendants)**
25
        47.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set
26  forth herein.
27
        48.     Labor Code section 1197 provides, "the minimum wage for employees fixed
28

13

CLASS ACTION COMPLAINT

1   by the commission or by any applicable state or local law, is the minimum wage to be

2   paid to employees, and the payment of a lower wage than the minimum so fixed is

3   unlawful."

4       49.     Labor Code section 1198 states "The maximum hours of work and the

5   standard conditions of labor fixed by the commission shall be the maximum hours of

6   work and the standard conditions of labor for employees. The employment of any

7   employee for longer hours than those fixed by the order or under conditions of labor

8   prohibited by the order is unlawful."

9       50.     IWC Wage Order 4-2001 Section 4 provides that an employer may not pay

10  employees less than the applicable minimum wage for all hours worked.

11      51.     Pursuant to the IWC Wage Order, Defendant is required to pay Plaintiff, and

12  the members of the Class, for all hours worked, meaning the time which an employee is

13  subject to the control of the employer.

14      52.     At all relevant times during the class period, Defendant failed to pay

15  Plaintiff and other members of the class wages for all hours worked.

16      53.     Defendant failed to pay Plaintiff and other members of the class for all hours

17  worked including the time spent working while on meal and rest breaks, and after

18  clocking–out.

19      54.     In relevant part, Labor Code section 1194 provides that any employee

20  receiving less than minimum wage applicable to the employee is entitled to recover in a

21  civil action the unpaid balance of the amount of this minimum wage, including interest

22  thereon, reasonable attorney's fees, and cost of suit, which Plaintiff and other members of

23  the class seek.

24      55.     Pursuant to Labor Code section 1194.2, liquidated damages are available to

25  employees who file an action under Labor Code section 1194, which Plaintiff and

26  members of the class seek.

27      56.     In committing the violations of state law as herein alleged, Defendant has

28

14

CLASS ACTION COMPLAINT

knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked at least minimum wage. As a direct result, Plaintiff and other members of the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

57.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of unpaid wages resulting from Defendant's minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code sections 1194 and 1194.2.

## FOURTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
### (Violation of Labor Code §226)
### (Against all defendants)

58.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

59.     California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [...], (3) the number of piece–rate units earned and any applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, [...], (8) the name and address of the legal entity that is

CLASS ACTION COMPLAINT

1  the employer, and (9) all applicable hourly rates in effect during the pay period and the

2  corresponding number of hours worked at each hourly rate by the employee…".

3      60.    Labor Code § 226(e) provides that an employee is entitled to recover $50

4  for the initial pay period in which a violation of § 226 occurs and $100 for each

5  subsequent pay period, for all pay periods in which the employer knowingly and

6  intentionally failed to provide accurate itemized statements to the employee causing the

7  employee to suffer injury.

8      61.    Plaintiff is informed, believes and thereon alleges that at all times relevant,

9  Defendant knowingly and intentionally failed to furnish and continues to knowingly and

10  intentionally fail to furnish Plaintiff and each Class member with timely and accurate

11  itemized statements showing the name and address of the employer, and gross wages

12  earned by Plaintiff and each Class member, as required by Labor Code § 226(a), in that

13  the premiums owed to Plaintiff and the members of the Class for untimely or interrupted

14  meal and rest periods were not included in gross wages earned by Plaintiff and the Class.

15      62.    Further, wages owed to Plaintiff and members of the class for hours they

16  worked but Defendant modified their time records to falsely reflect a meal period when

17  none was taken, were not included in gross wages earned by Plaintiff and the Class.

18      63.    Defendant's failure to provide Plaintiff and members of the Class with

19  accurate itemized wage statements during the Class period has caused Plaintiff and

20  members of the Class to incur economic damages in that they were not aware that they

21  were owed and not paid compensation for missed rest periods and on–duty meal periods,

22  and for all hours worked. In addition, Defendant provided inaccurate information

23  regarding hours worked, which masked its underpayment of wages to Plaintiff and

24  the Class.

25      64.    As a result of Defendant's issuance of inaccurate itemized wage statements

26  to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and

27  the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the

28

CLASS ACTION COMPLAINT

1  Labor Code.

2

3               **FIFTH CAUSE OF ACTION**
   **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**
4              **(Violation of Labor Code §§ 201-203)**
                      **(Against all defendants)**

5       65.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

6  forth herein.

7       66.     California Labor Code §§ 201-203 provide that if an employer discharges an

8  employee, the wages earned and unpaid at the time of discharge are due and payable

9  immediately, and that if an employee voluntarily leaves his or her employment, his or her

10  wages shall become due and payable not later than seventy–two hours thereafter, unless

11  the employee has given seventy–two hours prior notice of his or her intention to quit in

12  which case the employee is entitled to his or her wages at the time of quitting.

13      67.     During the Class period, Defendant willfully failed to pay Plaintiff and Class

14  members who are no longer employed by Defendant all their earned wages, specifically,

15  meal and rest period premiums not paid for missed or interrupted meal and rest periods,

16  and wages for all hours worked, either at the time of discharge or within seventy–two

17  hours of their leaving Defendant's employ in violation of California Labor Code sections

18  201, 202, and 203.

19      68.     Therefore, Plaintiff and members of the Class are entitled to waiting time

20  penalties for each day that has passed that they have not received all wages owed to them,

21  up to 30 days.

22              **SIXTH CAUSE OF ACTION**
   **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
23             **(Violation of California's Unfair Competition Law,**
                  **Bus. & Prof. Code § 17200 *et seq*.)**
24                     **(Against all defendants)**

25      69.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

26  forth herein.

27      70.     Section 17200 of the California Business and Professions Code (the "UCL")

28

                              17

1  prohibits any unlawful, unfair, or fraudulent business practices.

2      71.    Through its action alleged herein, Defendant has engaged in unfair

3  competition within the meaning of the UCL. Defendant's conduct, as alleged herein,

4  constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

5      72.    Defendant's unlawful conduct under the UCL includes, but is not limited to,

6  violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes,

7  but is not limited to, failure to pay Class members wages and compensation they earned

8  through labor provided, and failing to otherwise compensate Class members as alleged

9  herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage

10  statements containing false and/or misleading information about the time the Class

11  members worked and the amount of wages or compensation due.

12      73.    Plaintiff has standing to assert this claim because she has suffered injury in

13  fact and have lost money as a result of Defendant's conduct.

14      74.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of

15  monies owed for all hours worked and for unpaid meal and rest period premiums.

16      75. Plaintiff has assumed the responsibility of enforcement of the laws and public

17  policies specified here by suing on behalf of herself and other similarly situated Class

18  members previously or presently working for Defendant in California. Plaintiff's success

19  in this action will enforce important rights affecting the public interest. Plaintiff will incur

20  a financial burden in pursuing this action in the public interest. Therefore, an award of

21  reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure

22  section 1021.5.

23      **PRAYER**

24      WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray

25  for judgment against Defendant as follows:

26      A. An order that this action may proceed and be maintained as a class action;

27      B. For one hour of wages due to Plaintiff and each Class member for each work

28

CLASS ACTION COMPLAINT

period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

C. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

D. For all straight–time and overtime wages owed to Plaintiff and each Class member for all hours worked.

E. For statutory penalties under Labor Code § 226(e);

F. For waiting time penalties pursuant to Labor Code § 203

G. For liquidated damages pursuant to Labor Code § 1194.1

H. For restitutionary disgorgement pursuant to the UCL;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorney's fees;

K. General, special and consequential damages, to the extent allowed by law;

L. Costs of suit; and

M. For attorneys' fees pursuant to Code of Civil Procedure §1021.5

N. For penalties for each violation of the Private Attorney General Act ("PAGA");

O. Such other equitable relief as the Court may deem just and proper;

P. Such other relief as the Court may deem just and proper.

DATED: 24 May 2018                    **THE MARKHAM LAW FIRM**

By: _____
    David R. Markham
    Attorney for Plaintiff and all others
    similarly situated

19

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff demand a trial by jury for themselves and the Class members on all claims so triable.


DATED: 24 May 2018

**THE MARKHAM LAW FIRM**


By: _____

David R. Markham
Attorney for Plaintiff and all others
similarly situated

CLASS ACTION COMPLAINT