David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
8910 University Center Ln, Suite 400
San Diego, California 92122
Tel.: (619) 399-3995; Fax: (619) 615-2067

Richard E. Quintilone II (SBN 200995)
*req@quintlaw.com*
Jeffrey T. Green (SBN 330065)
*jtg@quintlaw.com*
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
Tel.: 949.458.9675; Fax: 949.458.9679

Attorneys for Plaintiff on behalf of
herself and all others similarly situated
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILIA SANTOS, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation; and Does 1 through 10, inclusive<br><br>Defendant. | **CASE NO. 3:18-cv-03177-EMC**<br><u>CLASS ACTION</u><br><br>**JOINT STIPULATION FOR APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:          Hon. Edward M. Chen<br>Action Filed:   May 29, 2018<br>Trial Date:     March 21, 2022<br><br>Location:       Courtroom 05, 17th Floor<br>**JURY TRIAL DEMAND** |

Walter L. Haines (SBN 071075)
*walter@whaines.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242
Fax: 562.256.1006
Attorneys for Plaintiff on behalf of
herself and all others similarly situated

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2
   A. General Procedural Background................................................................................ 2
   B. PAGA Settlement Terms ........................................................................................... 3
   C. Plaintiff's Counsel Conducted a Thorough Investigation of the Factual and Legal Issues  4

III. LEGAL ARGUMENT ........................................................................................................ 5
   A.  The PAGA Penalties Secured by the Settlement Serve PAGA's Purposes and Should Be Approved .................................................................................................................... 5
      (1) Standards for PAGA Settlement Approval ................................................. 5
      (2) Maximum Penalties in this Action Should not Exceed $100 per Pay Period .............. 6
      (3) The LWDA has been on Notice of Plaintiff's Claims for over 3 Years, Received the Settlement Agreement, and did not Object to it, Signaling Acceptance of its Terms .. 7

   B.  The Settlement is Fair and Adequate because it is Consistent with Similar PAGA Settlement Amounts approved by California District Courts..................................................... 8
   C.  Additional Considerations Warrant Approval of the Settlement ................................... 10

II. CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Services, Inc.*,
   2009 WL 2448430 (S.D. Cal. 2009) ........................................................................................ 7

*Amaral v. Cintas Corp. No. 2*,
   163 Cal. App. 4th 1157 (2008) ............................................................................................ 6, 7

*Arias v. Super. Ct.*,
   46 Cal. 4th 969 (2009) ........................................................................................................ 6, 10

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ......................................................................................... 5, 6, 7

*Carrington v. Starbucks,*
   30 Cal. App.5th 504 (2018) ................................................................................................... 11

*Chamberlain v. Baker Hughes, a GE Company, LLC*,
   2020 WL 4350207 (E.D.Cal., July 29, 2020) ......................................................................... 8

*Cotter v. Lyft, Inc.*,
   193 F. Supp. 3d 1030 (N.D. Cal. 2016) ................................................................................. 10

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2017 WL 2224265 (C.D. Cal. May 19, 2017) ........................................................................ 6

*Garcia v. Gordon Trucking, Inc.*,
   2012 WL 5364575 (E.D. Cal. Oct. 31, 2012 .......................................................................... 8

*Hopson v. Hanesbrands Inc.*,
   2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ............................................................................ 8

*Huddlestun v. Harrison Global, LLC*,
   2019 WL 1029955 (S.D. Cal. Feb. 27, 2019) ......................................................................... 9

*In re Uber FCRA Litig.*,
   2017 WL 2806698 (N.D. Cal. June 29, 2017) ....................................................................... 8

*Iskanian v. CLS Transp. Los Angeles, LLC*,
   59 Cal. 4th 348 (2014) ........................................................................................................ 2, 6

*Jack v. Hartford Fire Ins. Co.*,
   2011 WL 4899942 (S.D. Cal. Oct. 13, 2011) ......................................................................... 9

*Jordan v. NCI Group, Inc.*,
   2018 WL 1409590 (C.D. Cal. Jan. 5, 2018) ........................................................................... 8

*Mansfield v. Southwest Airlines Co.*,
   2015 WL 13651284 (S.D. Cal. Apr. 21, 2015) ....................................................................... 9

*McKenzie v. Federal Express Corp.*,
   765 F. Supp. 2d 1222 (C.D. Cal. 2011) ............................................................................... 6

*McLeod v. Bank of Am., N.A.*,
   2018 WL 5982863 (N.D. Cal. Nov. 14, 2018) ..................................................................... 9

*Moore v. Fitness Int'l, LLC*,
   2012 WL 5364575 (S.D. Cal. June 21, 2013) .................................................................... 10

*Nordstrom Com. Cases*,
   186 Cal. App. 4th 576 (2010) .............................................................................................. 10

*O'Connor v. Uber Techs., Inc.*,
   201 F. Supp. 3d 1110 (N.D. Cal. 2016) ............................................................................ 5, 6

*Rodriguez v. Danell Custom Harvesting, LLC*,
   293 F. Supp. 3d 1117 (E.D. Cal. 2018) ................................................................................ 8

*Ruch v. AM Retail Grp., Inc.*,
   2016 WL 5462451 (N.D. Cal. Sept. 28, 2016) ..................................................................... 9

*Singer v. Becton Dickinson & Co.*,
   2010 WL 2196104 (S.D. Cal. June 1, 2010) ........................................................................ 9

*Trang v. Turbine Engine Components Technologies Corp.*,
   2012 WL 6618854 (C.D. Cal. Dec. 19, 2012) ..................................................................... 6

*Van Kempen v. Matheson Tri-Gas, Inc.*,
   2017 WL 3670787 (N.D. Cal. Aug. 25, 2017) ..................................................................... 9

*Vasquez v. Coast Valley Roofing, Inc.*,
   266 F.R.D 482 (E.D. Cal. 2010) ........................................................................................... 9

*Wesson v. Staples, LLC*,
   68 Cal.App.5th 746 (2021) ................................................................................................... 9

*Williams v. Super. Ct.*,
   3 Cal.5th 531 (2017) ............................................................................................................. 9

**Statutes**

Cal. Civ. Code § 1500 ................................................................................................................ 4

Cal. Lab. Code § 558 ................................................................................................................. 6

Cal. Lab. Code §§ 2698, *et seq.* ......................................................................................... passim

## I. INTRODUCTION

Pursuant to the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code. §§ 2698, *et seq.*, "PAGA"), Plaintiff Emilia Santos and Defendant United Parcel Service, Inc. ("UPS" or "Defendant") (collectively, the "parties") jointly seek Court approval of the settlement of Plaintiff's Seventh Cause of Action seeking to recover PAGA penalties. The principal terms of the settlement are as follows:

> The payment of $9,000 to the California Labor and Workforce Development Agency ("LWDA") and aggrieved employees in full satisfaction of all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged to have been violated in the operative Complaint with respect to aggrieved employees. Seventy-five percent, or $6,750, will be paid to the LWDA pursuant to Labor Code section 2699(i); and twenty-five percent, or $2,250, will be paid to all persons who were employed by Defendant as Part Time Supervisors ("PTS") in California at any time from May 24, 2017 through the date of the order approving the Settlement, who are not otherwise covered by the Second Amended Stipulation of Class Action Settlement reached in the *Mauricio Navarro v. United Parcel Service, Inc.* matter, Los Angeles County Superior Court Case No. BC592098, which contains a release of PAGA claims ("Aggrieved Employees").

The settlement was negotiated by the parties at arm's length. The penalties secured by the settlement represent a fair compromise of Plaintiff's PAGA claims in view of the risks of continued litigation and the vigorously contested issues of law and fact relating to the PAGA claims. Here, Plaintiff lost her bid for class certification of her off the clock, meal and rest break, and derivative claims. The only claim that the Court certified in this action was Plaintiff's facial wage statement claim. However, Defendant moved for summary judgment on this claim, and prevailed. Thus, it would be unlikely, if not impossible, for Plaintiff to prevail on her PAGA claims based on the same alleged violations, and prove that these claims could be tried manageably.

The Settlement accomplishes PAGA's objectives because it augments the state's enforcement capabilities, encourages compliance with Labor Code provisions, and deters noncompliance with California's labor law, while also ensuring that the penalties are not "unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014). The settlement is also in line with a plethora of other cases in this district and across the state where courts have approved similar PAGA penalty settlement amounts.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. General Procedural Background

On May 24, 2018, Plaintiff filed a Class Action Complaint in this Court asserting the following claims: (1) Failure to Provide Meal Periods in Violation of California Labor Code §§ 512 and 226.7; (2) Failure to Provide Rest Breaks in Violation of Labor Code § 226.7; (3) Failure to Pay Regular and Minimum Wages in violation of §§ 1197 and 1198; (4) Inaccurate Wage Statements in Violation of Labor Code § 226; (5) Waiting Time Penalties pursuant to Labor Code § 203; and (6) Unlawful Business Practices in Violation of Business & Professions Code § 17200 *et seq*. Also on May 24, 2018, Plaintiff Santos sent a certified notice to the LWDA alleging the same claims, to comply with the PAGA pre-filing requirements. On July 30, 2018, Plaintiff filed a First Amended Complaint ("FAC") adding a claim for violations of PAGA. Declaration of David R. Markham ("Markham Decl."), filed concurrently hereto, ¶3.

On August 14, 2020, after class discovery, Plaintiff brought her motion for class certification. On November 18, 2020, the Court granted Plaintiff's motion in part, and certified Plaintiff's wage statement class, holding that the form of UPS's wage statements is uniform to all Part Time Supervisors, and whether this form is sufficiently clear and specific to satisfy Labor Code section 226(a) and Wage Order 9 can be adjudicated in one stroke. Dkt. No. 115 at p. 14-15. The Court denied certification of Plaintiff's off the clock, meal and rest break, waiting time penalty and UCL claims. *Id*.

On March 30, 2021, Defendant filed a motion for summary judgment of Plaintiff's certified wage statement claim (and related PAGA cause of action), and Plaintiff's individual rest break claim. Dkt. No. 123. On June 7, 2021, the Court granted UPS' motion in part, granting summary

judgment for the certified wage statement claim (as well as the related PAGA cause of action) and denying summary judgment as to Plaintiff's individual rest break claim. Dkt. No. 133, Order at 14.

On June 17, 2021, Plaintiff filed a motion to determine finality of the Court's partial summary judgment order under Rule 54(b), or, in the alternative, to certify the order for interlocutory appeal. Dkt. No. 137. Following a hearing, on July 30, 2021, the Court denied Plaintiff's motion. Dkt. No. 144.

Only Plaintiff's individual claims and her remaining PAGA claims remain. The trial of these claims is currently scheduled for March 21, 2022. Markham Decl., ¶10; *see also* Dkt. No. 118.

### B. PAGA Settlement Terms

The PAGA settlement covers all persons who were employed by Defendant as a Part-Time Supervisor in California at any time from May 29, 2017 through the date of the order approving the Settlement who are not otherwise covered by the Second Amended Stipulation of Class Action Settlement reached in the *Mauricio Navarro v. United Parcel Service, Inc.* matter, Los Angeles County Superior Court Case No. BC592098, which contains a release of PAGA claims. ("Aggrieved Employees"). Settlement Agreement, ¶1, attached as **Exhibit 1** to Markham Decl.

UPS will pay a total of Nine Thousand Dollars ($9,000) to Aggrieved Employees and LWDA ("PAGA Penalties Fund") in full satisfaction of all claims for PAGA civil penalties under the California Labor Code, Wage Orders, regulations, and/or other provisions of law alleged or that could have been alleged to have been violated based on the facts alleged in the FAC with respect to Aggrieved Employees during the Settlement Period. *Id.* at ¶13. Pursuant to PAGA, Seventy Five Percent of this amount ($6,750) will be paid to the LWDA, and the remaining Twenty-Five Percent ($2,250) will be paid to the Aggrieved Employees. *Id.*

Within thirty (30) calendar days of the Effective Date (defined in paragraph 20 of the Settlement Agreement as date the Court enters Order and Judgment pursuant to this Joint Stipulation), UPS will transmit to the third-party Administrator the following information for the Aggrieved Employees: home address, home telephone number, social security numbers, work week counts. *Id.*, ¶15. Within twenty-one (21) calendar days after transmission of the data to the third-party Administrator, the third-party Administrator, will mail checks to each Aggrieved

Employee for his or her share of the settlement along with an explanatory letter which will be mutually approved by the parties, and a check to the LWDA for its share of the General PAGA Penalties Fund (Exhibit A). *Id.* at ¶16. Any checks returned as non-deliverable on or before the check cashing deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address obtained by the administrator. *Id.* Checks will remain negotiable for 180 days. *Id.* Funds represented by settlement checks returned as undeliverable and those settlement checks remaining uncashed for more than 180 days after issuance will be tendered to Controller of the State of California to be held pursuant to the Unclaimed Property Law (*see* Cal. Civ. Code § 1500, *et seq.*) for the benefit of those Aggrieved Employees who did not cash their checks. *Id.*

As required by the PAGA statute, concurrently with this filing, the Parties have submitted the PAGA Settlement Agreement and this Memorandum to the LWDA. Markham Dec. ¶23; **Exhibit 2**.

Upon entry of the Order and Judgment, the LWDA and Aggrieved Employees fully release and forever discharge the Released Parties from any and all Released Claims during the Settlement Period, as those terms are defined in the Settlement Agreement. Settlement Agreement, ¶19.

### C. Plaintiff's Counsel Conducted a Thorough Investigation of the Factual and Legal Issues

Plaintiff's counsel conducted a thorough investigation of the factual and legal issues in this case. The parties engaged in substantial discovery and motion practice in this case. In response to Plaintiff's discovery requests, UPS produced hundreds of pages of documents including UPS's timekeeping and meal and rest break policies, Plaintiff's personnel files, and a 10% class sample of aggrieved employees' time and pay records, and audit trail reports. Markham Decl., ¶5. Further, the parties engaged in a *Belaire* notice process in April, 2020, after which Plaintiff received class member contact information for the 10% sample of aggrieved employees. Plaintiff interviewed – and obtained signed declarations from - twelve employees. In addition to written discovery, Defendant deposed Plaintiff and several class members. Plaintiff deposed three of UPS's corporate witnesses and five of UPS' employee declarants. In addition, as discussed above, significant motion practice occurred in this case. Markham Decl., ¶6.

Overall, Plaintiff's Counsel performed an exhaustive investigation into the claims at issue, which included: (1) determining Plaintiff's suitability as a private attorney general through interviews, background investigations, and analyses of employment files and related records; (2) evaluating all of Plaintiff's potential predicate claims for PAGA civil penalties; (3) researching similar wage and hour actions as to the claims brought, the nature of the positions, and the type of employer; (4) analyzing Defendant's policies and practices; (5) deposing Defendant's Rule 30(b)(6) witnesses and other PTS, and defending Plaintiff's depositions and the deposition of Plaintiff's expert; (6) researching settlements in similar cases as well as outstanding issues which could affect settlement approval; and (7) estimating Defendant's maximum liability for purposes of settlement. Markham Decl., ¶11.

Based on the experience of Plaintiff's counsel in litigating similar representative wage and hour claims, the degree of discovery conducted, and the amount of data reviewed, counsel was able to sufficiently determine the potential value and strength of the PAGA claims for purposes of settlement. Through the investigation, review of discovery materials, litigation, and settlement, Plaintiff's counsel developed a thorough understanding of this action and believes the Settlement meets or exceeds the standard required for the Court's approval. Markham Decl. ¶¶6-11.

### III.   LEGAL ARGUMENT

**A.   The PAGA Penalties Secured by the Settlement Serve PAGA's Purposes and Should Be Approved**

(1)   <u>Standards for PAGA Settlement Approval</u>

When PAGA claims are settled, the trial court must "review and approve" the settlement. Cal. Lab. Code § 2699(l). The Court is **not** called upon to apply the level of scrutiny typically required in a class action as none of the findings required by Rule 23 are necessary. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014). In considering approval, the Court should consider whether the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statute." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016). Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id.* at 1132-33. However, "neither the California legislature, nor the California

Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer" as to what the appropriate standard is for approval of a PAGA settlement. *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 2017 WL 2224265, at *1 (C.D. Cal. May 19, 2017). Thus, a PAGA settlement is fair and adequate based on a determination that it augments the state's enforcement capabilities, encourages compliance with Labor Code provisions, and deters noncompliance with California's labor law. *See Baumann*, 747 F.3d at 1123; *O'Connor*, 201 F. Supp. 3d at 1132-33. In the end, PAGA cases are not about total potential recovery. Instead, they are about what courts deem fair and adequate in light of PAGA's labor law compliance goals.

(2) <u>Maximum Penalties in this Action Should not Exceed $100 per Pay Period</u>

A PAGA action is one of the "primary mechanisms for enforcing the Labor Code." *Iskanian*, 59 Cal. 4th at 383. PAGA serves to supplement state law enforcement efforts by having a private attorney general enforce the Labor Code when the LWDA does not, as in this case. *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). As the state's proxy or agent, "the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies— namely, recovery of civil penalties that otherwise would have been assessed by and collected by the [LWDA]." *Id.* "[A]n aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself." *Id.* "Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *McKenzie v. Federal Express Corp.*, 765 F. Supp. 2d 1222, 1233 (C.D. Cal. 2011).

For Labor Code violations for which no penalty is provided, PAGA provides that the penalties are generally $100 for each aggrieved employee per pay period for the initial violation and $200 per pay period for each subsequent violation. Cal. Lab. Code § 2699(f)(2).[1] However, for Plaintiff to recover for a "subsequent violation," an employer must have notice that it has violated the Labor Code. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1207-09 (2008); *see also Trang v. Turbine Engine Components Technologies Corp.*, 2012 WL 6618854, at *5 (C.D. Cal. Dec. 19, 2012) ("courts have

---

[1] Labor Code Section 558, which also provides for civil penalties that can apply in the PAGA context, provides for penalties of $50 per pay period for the initial violation and $100 per pay period for each subsequent violation.

1   held that employers are not subject to heightened penalties for subsequent violations unless and
2   until a court or commissioner notifies the employer that it is in violation of the Labor Code");
3   *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Services, Inc.*, 2009 WL
4   2448430, at *9 (S.D. Cal. 2009) (finding that California law imposes the "subsequent violation
5   penalty" only after an employer has been notified its conduct violates the Labor Code). Here, UPS
6   was not cited for any violations, and therefore, no more than $100 penalty for every pay period
7   applies.

8   Seventy-five percent of the civil penalties are distributed to the LWDA, and the remainder
9   is distributed to the aggrieved employee(s) who initiated the claim. Cal. Lab. Code, § 2699(i).
10  "The employee's recovery is thus an incentive to perform a service to the state, ***not*** restitution for
11  wrongs done to" aggrieved employees. *Baumann*, 747 F.3d at 1123 (emphasis added). As
12  explained by the Ninth Circuit, a "PAGA action is at heart a civil enforcement action filed on
13  behalf of and for the benefit of the state, not a claim for class relief." *Id.* at 1124.

14  Further, the Court has broad discretion to approve PAGA settlements it considers
15  reasonable, as demonstrated in Labor Code section 2699(e)(2), which gives courts express
16  statutory authority to reduce PAGA penalties even when liability is found:

> In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

Cal. Lab. Code, §2699(e)(2); *see also Amaral*, *supra,* 163 Cal. App. 4th at 1213.

(3)   The LWDA has been on Notice of Plaintiff's Claims for over 3 Years, Received the Settlement Agreement, and did not Object to it, Signaling Acceptance of its Terms

The PAGA settlement in this case augments the state's enforcement capabilities, encourages compliance with Labor Code provisions, and deters noncompliance with California's labor law. On May 24, 2018, Plaintiffs provided written notice to the LWDA of the PAGA claims she sought to pursue on behalf of the State in this action. Markham Decl., ¶3. The LWDA never notified Plaintiff that it intended to investigate the PAGA claims. The parties also provided a copy of the Settlement Agreement to the LWDA. The parties have no reason to

believe that this recent notification will prompt the LWDA to investigate or otherwise intervene in the settlement of the PAGA claims in this case, which now date back more than 3 years. *Id*., ¶23. That the LWDA, after timely and adequate notice, has taken no action to pursue the PAGA claims at issue, is persuasive evidence that the PAGA settlement in this case augments the state's enforcement capabilities, encourages compliance with Labor Code provisions, and deters noncompliance with California's labor law. *See, e.g., Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1133 (E.D. Cal. 2018) (approving settlement of PAGA penalties based on LWDA not objecting to terms of settlement); *Chamberlain v. Baker Hughes, a GE Company, LLC*, 2020 WL 4350207, at *5 (E.D. Cal., July 29, 2020) ("Because of the concrete risk attendant with the pursuit of further litigation in this action and, **most critically**, the lack of objection from the LWDA despite being provided timely notice of the terms of this proposed settlement, the court finds that the amount offered in settlement of the PAGA claims here weighs in favor of approval.") (emphasis added); *Jordan v. NCI Group, Inc*., 2018 WL 1409590, at *3 (C.D. Cal. Jan. 5, 2018); *Echavez v. Abercrombie & Fitch Co.*, 2017 WL 3669607, at *3 (C.D. Cal. Mar. 23, 2017) ("The Court infers LWDA's non-response is tantamount to its consent to the proposed settlement terms, namely the proposed PAGA penalty amount.")

In addition, when the parties have "negotiated a good faith amount" for PAGA penalties, and "there is no indication that this amount was the result of self-interest at the expense of" others, such an amount is generally considered fair and adequate. *See Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575, at *7 (E.D. Cal. Oct. 31, 2012) (approving $10,000 in PAGA penalty settlement); *see also Hopson v. Hanesbrands Inc.*, 2009 WL 928133, at *9 (N.D. Cal. Apr. 3, 2009) (approving $1,500 PAGA penalty settlement). Because the settlement serves the purposes of PAGA, the Court should approve it.

B. **The Settlement is Fair and Adequate because it is Consistent with Similar PAGA Settlement Amounts approved by California District Courts**

There are many California district court cases, including in this District, where courts approved as fair and adequate similar PAGA settlement amounts. *See In re Uber FCRA Litig.*, 2017 WL 2806698, at *1 (N.D. Cal. June 29, 2017) (approving $7,500 PAGA penalty settlement); *McLeod v. Bank of*

1  *Am., N.A.*, 2018 WL 5982863, at *4 (N.D. Cal. Nov. 14, 2018) (finding $50,000 PAGA allocation
2  for claims estimated at $4.7 million – approximately 1.1 percent – adequate); *Ruch v. AM Retail*
3  *Grp., Inc.,* 2016 WL 5462451, at *2, 7 (N.D. Cal. Sept. 28, 2016) (settlement allocating $10,000
4  to PAGA penalties where potential value was over $5.2 million, resulting in 0.2 percent PAGA
5  recovery); *Van Kempen v. Matheson Tri-Gas, Inc.*, 2017 WL 3670787, at *10 (N.D. Cal. Aug. 25,
6  2017) (granting final approval of $5,000 PAGA penalty from $370,000 settlement, or 1.4 percent);
7  *Huddlestun v. Harrison Global, LLC*, 2019 WL 1029955, at *3 (S.D. Cal. Feb. 27, 2019)
8  (approving $6,666 PAGA penalty settlement); *Davis v. Cox Commc'ns California, LLC*, 2017
9  WL 1496407, at *1 (S.D. Cal. Apr. 26, 2017) (approving $4,000 PAGA penalty settlement);
10 *Mansfield v. Southwest Airlines Co.*, 2015 WL 13651284, at * 9 (S.D. Cal. Apr. 21, 2015)
11 (approving $7,500 PAGA penalty settlement); *Jack v. Hartford Fire Ins. Co.*, 2011 WL 4899942,
12 at *6 (S.D. Cal. Oct. 13, 2011) (approving $3,000 PAGA penalty settlement); *Vasquez v. Coast*
13 *Valley Roofing, Inc.,* 266 F.R.D 482, 490 (E.D. Cal. 2010) (approving $10,000 PAGA penalty
14 settlement); *Singer v. Becton Dickinson & Co.*, 2010 WL 2196104, at *2 (S.D. Cal. June 1, 2010)
15 (approving $3,000 PAGA penalty settlement);

16      Here, the maximum potential liability of UPS for PAGA penalties is $7,823,400
17 (approximately 78,234 pay periods times $100, which assumes a violation in every pay period).
18 However, this recovery is <u>theoretical</u> only, as Plaintiff has lost class certification on (ultimately)
19 all of her claims. Markham Decl., ¶13. The Court's denial of class certification suggests that there
20 may be significant "manageability" concerns that would prevent this case from proceeding on a
21 representative basis. *See Wesson v. Staples, LLC*, 68 Cal.App.5th 746, 851 (2021) (holding that
22 trial courts have inherent authority to strike PAGA claims if they are not manageable at trial);
23 *Williams v. Super. Ct.*, 3 Cal.5th 531, 559 (2017) (a proof of employer's unlawful uniform policy
24 applicable to all employees is one way to show PAGA trial is manageable; here Plaintiff Santos
25 cannot make such showing).

26      Thus, where Plaintiff's chances of success on the merits is minimal, and multiple district
27 courts have approved similar or lower PAGA settlement amounts, this Settlement is fair and
28 adequate, and should be approved.

### C. Additional Considerations Warrant Approval of the Settlement

The following considerations also merit approval of the PAGA settlement:

- The settlement does not bar the non-Plaintiff[2] Aggrieved Employees from pursuing other (non-PAGA) Labor Code claims against Defendant, which leaves open the possibility of additional compensation. *See Arias*, 46 Cal.4th at 987 ("[N]onparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be bound by the judgment as to remedies other than civil penalties.").

- The factual issues the Court found in denying summary judgment of Plaintiff's rest break claims suggest it would be unlikely for other Aggrieved Employees to allege facts justifying an award of PAGA penalties.

- A PAGA claim "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *Arias*, 46 Cal. 4th at 986. Where PAGA settlements in the same approximate penalty amounts as in the cases cited in Section B above were sufficient to protect the public, the PAGA settlement in this case satisfies that purpose as well.

- Unlike claims involving compensatory damages, relief under PAGA does not take the form of actual injury. Rather, PAGA relief comes in the form of civil penalties, assessed on a flat-rate basis. Lab. Code § 2699(f)(2). Thus, courts regularly reduce PAGA penalties because they can lead to absurd and confiscatory results. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016) (finding significant reduction in PAGA penalties warranted because state of the law unclear on issues in case); *Nordstrom Com. Cases*, 186 Cal. App. 4th 576, 589 (2010) (finding trial court did not abuse discretion to approve class action settlement allocating zero dollars ($0) to PAGA penalties)*; see also* Lab. Code §2699(e)(2) (statutorily authorizing courts to reduce PAGA awards).

- The lack of authority providing guidance as to the application and discretion in approving PAGA awards renders valuation of the amount of PAGA penalties uncertain. *Moore v. Fitness Int'l, LLC*, 2012 WL 5364575, at *7 (S.D. Cal. June 21, 2013); *see also Carrington v.*

---

[2] Plaintiff Santos and eight additional current and former employees of UPS have reached individual settlements of their claims against UPS. Markham Decl., ¶14.

*Starbucks,* 30 Cal. App.5th 504, 527, 529 (2018) (awarding $5 per pay period in PAGA penalties, despite the court's findings that Starbucks was liable for meal break violations on a representative basis.)

- The ever-present risk of losing at trial or prevailing only on some of the claims, which is a significant factor given the denial of class certification and the summary judgment ruling in this case, also weighs in favor of approval.

## II.   CONCLUSION

The PAGA settlement in this case accomplishes PAGA's objectives by imposing sufficient civil penalties "to punish and deter" Defendant from future alleged Labor Code violations, while also ensuring that the penalties are not "unjust, arbitrary and oppressive, or confiscatory." The amount of PAGA civil penalties negotiated here achieves PAGA's statutory purposes. Therefore, the parties respectfully request that the Court approve the PAGA settlement and dismiss with prejudice Plaintiff's Seventh Cause of Action for PAGA penalties. Plaintiff's individual claims will also be dismissed with prejudice upon approval of the PAGA settlement. *See* footnote 2, *supra*.

Dated: October 27, 2021                          **The Markham Law Firm**

                                                    /s Maggie Realin
                                          Attorney for Plaintiff
                                          *mrealin@markham-law.com*